HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOINE D. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>RONALD D. NESS,<br><br>        Defendant. | CASE NO. C11-5606RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled court upon Plaintiff Antoine Johnson's Application to Proceed *In Forma Pauperis* and Proposed Complaint. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Johnson is a defendant in a criminal case pending before this Court. *See United States v. Antoine Johnson, et. al.,* CR09-5703RBL. Johnson alleges that his counsel in the criminal case, Ronald Ness, has committed malpractice in his representation of Johnson. Mr. Ness is an attorney in private practice appointed to represent Johnson at public expense pursuant to the Criminal Justice Act, 18 U.S.C. 3006A.

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading in

ORDER- 1

1 forma pauperis . . . in civil actions for damages should be allowed only in exceptional
2 circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the Court has
3 broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314
4 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

5      A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. §
6 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent
7 the complaint if frivolous, malicious, fails to state a claim upon which relief may be granted, or
8 seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez*
9 *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the
10 court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915
11 make and rule on its own motion to dismiss before direction that the complaint be served
12 pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("Section 1915(e) not only permits
13 but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim");
14 *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of
15 § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). "Such
16 a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v.*
17 *Sea-Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir. 1987).

18      Johnson asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1346(b)
19 which gives this Court jurisdiction over certain claims against the United States. He alleges that
20 Mr. Ness is an employee of the United States, and as such, is liable to him for legal malpractice
21 under the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq.

22      Johnson is mistaken. Under the FTCA, an "employee of the government" is either an
23 officer or employee of any federal agency, but not a contractor with the United States. 28 U.S.C.
24

2671; *see United States v. Orleans*, 425 U.S. 807, 813-14 (1976). In determining whether an individual is an employee or a contractor "the critical factor . . . is the authority of the [United States] to control the detailed physical performance of the contractor." *Logue v. United States*, 412 U.S. 521, 527-28 (1973).

It is abundantly clear that Mr. Ness as an attorney in private practice appointed to represent Johnson at public expense under the Criminal Justice Act is a contractor, and not an employee, of the United States for purposes of the FTCA. By definition, his role as an advocate for persons charged by the United States with violations of federal criminal law requires that the United States have absolutely no "authority . . . to control the detailed physical performance" of Mr. Ness while carrying out his duties.

Furthermore, the FTCA explicitly exempts from coverage "any officer or employee of a Federal public defender organization . . . perform[ing] professional services in the course of providing representation under section 3006A of title 18." 28 U.S.C. § 2671. It would be nonsensical to impose liability on the United States based on the actions of an attorney in private practice providing the same professional service as a Federal Public Defender, when the FTCA explicitly exempts the Federal employee.

Because this Court has no jurisdiction over Johnson's claim, and no amendment could cure the defect, Johnson's Application to Proceed *In Forma Pauperis* is **DENIED** and this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

1  The Clerk shall send uncertified copies of this order to all counsel of record, and to any
2  party appearing pro se.
3  DATED this 26th day of August 2011.

   RONALD B. LEIGHTON
   UNITED STATES DISTRICT JUDGE

ORDER- 4